AB:ADG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>RENERE HIGHTOWER,<br><br>Defendant. | **AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT**<br><br>Case No. 19-M-829<br><br>(18 U.S.C. § 922(g)(1)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

        Jason Landusky, being duly sworn, deposes and states that he is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

        On or about September 11, 2019, within the Eastern District of New York, the defendant RENERE HIGHTOWER, knowing that he had been previously convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm, to wit, a loaded Jimenez Arms .22 caliber pistol.

        (Title 18, United States Code, Section 922(g)(1))

        The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

2

1.      I am a Detective with the New York City Police Department ("NYPD") and have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition.  I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.  Where I describe the statements of others, I am doing so only in sum and substance and in part.

2.      On or about September 11, 2019, at approximately 11:08 p.m., NYPD Officer-1 and Officer-2[2] responded to a radio run following a 911 call that stated in sum and substance and in part that a male, who had a weapon, was beating up a woman in the vicinity of Malcolm X Boulevard and Broadway, in the Bedford-Stuyvesant area of Brooklyn, New York.  Officer-1 and Officer-2 were in a police car and drove to the location provided. Officer-3 and Officer-4 separately responded to the radio run.  Based on further information provided by the 911 call, the officers drove several blocks toward the vicinity of Malcolm X Boulevard and Halsey Street, and searched for a black male walking with a female and wearing a white shirt and hat.

3.      Shortly thereafter, the officers observed an individual matching the description on Halsey Street and stopped him.  The individual was later identified as the defendant RENERE HIGHTOWER.  Officer-3 conducted a frisk of the defendant, during which the defendant moved his hand toward his waist.  At that point, Officer-1 held down

---

[2] Because multiple law enforcement personnel were involved in the incident, I refer to the officers as Officer-1, Officer-2, Officer-3 and Officer-4 for ease of reference. The identities of each of these individuals are known to the affiant, and I have interviewed Officer-1 and Officer-2 about the events set forth herein.

the defendant's hand. In leaning against the defendant, Officer-1 could feel a metal object in the defendant's waist pressing against Officer-1's leg. Officer-4 removed a loaded Jimenez Arms .22 caliber pistol from the defendant's waist. The officers arrested the defendant and transported him back to the police precinct.

4.   In a searching defendant RENERE HIGHTOWER back at the police precinct, Officer-1 recovered a loaded magazine from the defendant's left shoe. The magazine was of the same type that can be used in the recovered firearm.

5.   I have reviewed the defendant's criminal history, which revealed that on or about April 13, 2005, in Bronx County Supreme Court, the defendant RENERE HIGHTOWER was convicted of attempted robbery in the second degree, in violation of New York Penal Law ("NYPL") § 160.10, a class D felony, which I know to be a crime punishable by a term of one year or more, and was sentenced on or about July 8, 2005 to a term of two years' imprisonment. Additionally, on or about April 29, 2003, in Bronx County Criminal Court, the defendant was convicted of criminal sale of a controlled substance in the third degree, in violation of NYPL § 220.39, a class B felony, which I know to be a crime punishable by a term of one year or more, and was sentenced on or about June 3, 2005 to a term of two to six years' imprisonment.

6.   I have conferred with a Nexus expert, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who has informed me, in substance and in part, that the recovered firearm was manufactured outside the state of New York.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant RENERE HIGHTOWER so that he may be dealt with according to law.

Jason Landusky
Detective
New York City Police Department

Sworn to before me this
17th day of September, 2019
by telephone

_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK